[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 27, 1997 Date of Application April 16, 1997 Date of Application Filed April 23, 1997 Date of Decision October 27, 1998
Application for review of sentence imposed by the Superior Court, G.A. 16 at West Hartford.
Docket Nos. CR96-89859 and CR 96 89919.
Kristin B. Coffin, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the CT Page 13444 State.
Sentence Affirmed.
The petitioner, then 20 years of age, was convicted of sixteen counts of burglary, 3rd degree and one count of burglary, 2nd degree. The petitioner pleaded guilty to the charges. The plea agreement was for a sentence of ten years on the count of Burglary, 2nd degree and concurrent sentences of five years on each burglary 3rd degree count, for a total effective sentence of ten years serve. The petitioner reserved the right to argue for less. The Court imposed sentence as recommended by the state — an effective sentence of ten years.
These burglaries were committed between the dates of September 2, 1996 and October 18, 1996. The petitioner and an accomplice were caught shortly after fleeing from a burglary on October 18, 1996 and the petitioner thereafter confessed to the others.
The petitioner was on probation when these crimes were committed, having been convicted of burglary in New Jersey earlier in 1996. His probation supervision had been transferred to Connecticut.
His counsel argues that the sentence was unduly harsh, pointing out that the petitioner admitted committing the burglaries which might have otherwise gone unsolved; that his youth and one prior conviction would indicate he is amenable to probationary rehabilitation services; that he tried to avoid confrontation with victims by breaking into homes while the occupants were away, and she further points out that the pre-sentence report recommended a moderate period of incarceration followed by a lengthy probationary period.
In his remarks to the Division, the petitioner stated that he was rehabilitatable. CT Page 13445
The state's attorney argues that the sentencing court was aware of all those things and gave consideration to them. He points to the victims' statements as reflected in the pre-sentence report and the comments made by two victims at the sentencing hearing.
These burglaries resulted in the loss of thousands of dollars worth of personal possessions and indeed irreplaceable heirloom items. In some cases homes were ransacked and the victims uniformly felt violated and insecure in their homes. They and their children were traumatized by this repeated outrage by the petitioner. These were not crimes to be treated lightly and the sentencing court had ample reason to impose the sentence it did.
The petitioner was already on probation for a burglary and had now committed seventeen more.
The public is entitled to be protected from the antisocial predators who will not abide by the rules of a civilized society. This petitioner was facing maximum prison time of ninety years and received ten. The sentence was not hard nor disproportionate. The recommendation of the probation officer is just that — a recommendation. The Court has discretion to impose a sentence it believes to be appropriate under the circumstances of the particular case. The Division determines that this sentence is appropriate as outlined in Connecticut Practice Book § 43-28. It is affirmed.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, Norko and Miano, J.s, participated in this decision